IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARK SIMMONS, on behalf of himself and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>AAA APARTMENT STAFFING, LTD.<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>COLLECTIVE ACTION COMPLAINT<br><br>For Violations of the Fair Labor Standards Act of 1938, As Amended<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Mark Simmons, by and through his undersigned counsel, and files this Complaint on behalf of himself and all others similarly situated against the Defendants AAA Apartment Staffing, Ltd. pursuant to § 216(b) of the Fair Labor Standards Act of 1938, as amended (hereinafter "the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the regular and overtime provisions of the Act by Defendants which has deprived the named Plaintiff, as well as others similarly situated to the Plaintiff, of his lawful regular and overtime wages.

2. Other current and former employees of Defendant are also entitled to receive regular and overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

3. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiff and all current and former employees of Defendants who are similarly situated to the Plaintiff, pursuant to the FLSA. The Plaintiffs and the collective group similarly situated are or have been employed by Defendants, working as employees of AAA Apartment Staffing, Ltd. specializing in apartment maintenance and management.

4. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate employees at the minimum wage rate and for overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid regular and overtime compensation for work performed, an equal amount of liquidated damages to compensate them for the delay in

payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Southern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants maintain their principal places of business within this District.

## III. PARTIES

8. Plaintiff MARK SIMMONS resides in Savannah, Georgia (within this District) and is a citizen of the United States. Simmons was employed by the Defendant as a maintenance worker. He regularly worked for Defendant within this District.

9. At all times material to this action, the named Plaintiff and all members of the collective action are and/or were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit. These same individuals are further covered by § 206 and § 207 of the FLSA

for the period in which they were employed by Defendants. Plaintiff brings this action on behalf of himself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

10. Defendant AAA APARTMENT STAFFING, LTD. ("AAA") is a corporation based in Katy, Texas which conducts business within this State and District and maintains its principal place of business at 25722 Kingsland Blvd., Suite 103, Katy, Texas, 77494. AAA owns and operates a staffing agency specializing in providing workers to apartment complexes in over forty states throughout the country.

11. AAA maintains either actual or constructive control, oversight and direction over the operation of its employees, including the practices of those employees.

12. AAA is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Amy Pennington, located at 802 Oakhurst Dr., Suite A, Evans, GA 30809.

13. At all times material to this action, AAA was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. AAA operates in over forty states throughout the country, including Georgia. *See* defendant AAA's website at www.aaastaffing.com. AAA's employees work for commercial entities which are engaged in interstate commerce. AAA

utilizes bank accounts with banking entities which transact business outside the state of Texas. AAA's employees utilize tools manufactured outside the state of Texas for the benefit of AAA's clients. AAA's employees utilize technology, such as cellular telephones and GPS devices, which were manufactured outside the state of Texas. AAA utilizes a number of products in its principal office that were manufactured outside of the state of Texas, such as computers and telephones. At all times material to this action, AAA has had an annual gross volume of business which exceeded $500,000.00.

14. At all times material to this action, Defendant was an "employer" of the named Plaintiff and/or others similarly situated, as defined by § 203(d) of the FLSA.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## IV. VIOLATIONS OF THE FLSA

16. In February and March of 2018, Defendant employed Plaintiff Mark Simmons and other similarly situated employees.

17. During the week of March 8, 2017, Plaintiff Simmons worked in excess of 40 hours without receiving any overtime compensation. Specifically, Plaintiff worked 63 hours but was only paid for 40 hours of work.

18. Defendant informed Simmons that, because its client (Savannah Gardens Apartments) was not paying AAA compensation for Simmons' work in

excess of 40 hours, AAA would not pay Simmons for his work in excess of 40 hours.

19. Plaintiff Simmons seeks unpaid overtime compensation for 23 hours at his normal hourly rate of $14 per hour. Specifically, Plaintiff Simmons seeks four hundred eighty-three dollars ($483.00) (23 [hours] X $14 [per hour] X 1.5 [overtime rate]) in unpaid overtime compensation. Plaintiff Simmons seeks liquidated damages equal to that amount, for a total claim of unpaid straight time wages of nine hundred sixty-six dollars ($966.00).

## VIII. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That, at the earliest possible time, they be allowed to give notice of this action, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by Defendant for any AAA operation within the United States who were deprived of overtime compensation. Such notice shall inform them that this civil action has been filed and of the nature of the action, and of

their right to opt into this lawsuit if they were not paid by Defendants for all hours worked in excess of 40 hours in a workweek at any time during the preceding three years or if Defendants otherwise deprived them of compensation related to expenses incurred on Defendant's behalf or for all hours worked at the regular rate of pay.

B. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of regular and overtime compensation due which the Defendant unlawfully used instead as personal capital or working capital of the business.

C. That Plaintiff be awarded prejudgment interest;

D. That Plaintiff be awarded reasonable attorneys' fees;

E. That Plaintiff be awarded the costs and expenses of this action; and

F. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 11th day of February, 2019.

Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC

152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff