MARK SIMMONS, on behalf of )
himself and all others )
similarly situated individuals, )
                              )
     Plaintiff, )
                              )
v. )
                              )   CASE NO. CV419-032
AAA APARTMENT STAFFING, LTD, )
                              )
     Defendant. )

## O R D E R

Before the Court is the parties' Amended Joint Motion for Approval of Settlement. (Doc. 8.) Under the Fair Labor Standards Act ("FLSA"), this court must scrutinize any proposed FLSA settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). This Court will approve a compromised claim only if the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id.; see 29 U.S.C. § 216(b). For the following reasons, the parties' motion is **GRANTED IN PART.**

On April 9, 2019, the parties filed a Joint Motion for Settlement Approval. (Doc. 5.) After reviewing the motion, this Court denied the parties' request for two reasons. (Doc. 6.) First, the Court was unable to approve the parties' requested attorney's fee because the parties had failed to provide any

documentation to support the requested award amount. (Id. at 1-2.) Additionally, the Court found that the settlement agreement contained an impermissible confidentiality provision that prevented Plaintiff from discussing his settlement with others. (Id. at 3-4.) In light of these deficiencies, the Court directed the parties to file a new motion with documentation to support Plaintiff's request for attorneys' fees and remove the confidentiality provision from the agreement. (Id. at 4.) The Court provided that if the parties resubmitted the settlement agreement with the same confidentiality provision, the Court would strike the provision from any finalized agreement. (Id.)

On May 10, 2019, the parties complied with this Court's directive and filed an Amended Motion for Settlement Approval. (Doc. 8.) In their present motion, the parties submitted the same settlement agreement for this Court's consideration. The parties, however, have agreed that the confidentiality provision should be struck from their settlement agreement. (Id. at 2.) The parties also provided documentation to support the requested attorney's fee. (Doc. 8, Attach. 2.)

After careful review, the Court approves of the terms of the settlement agreement with two slight modifications. First, the confidentiality provision in the settlement shall be struck from the agreement. Plaintiff will be permitted to discuss this case with others. In addition, the Court notes that there is a

slight discrepancy between the attorney's fee requested in the parties' amended motion and the documentation provided to support the requested attorney's fee. In their motion, the parties request that Plaintiff receive $1,534.00 for attorneys' fees and costs. (Doc. 8 at 2.) The documentation used to support the parties' motion, however, shows that Plaintiff is only entitled to $1,471.52 for attorneys' fees and costs. (Doc. 8, Attach. 2.) Because the documentation only supports an award of $1,471.52 for attorneys' fees and costs, the Court will only award Plaintiff that amount.

For the foregoing reasons, the parties' motion is **GRANTED IN PART**. The settlement agreement is **APPROVED** with the slight modifications detailed in this order. Plaintiff is entitled to $966.00 in actual damages and $1,475.42 for attorneys' fees and costs. The Clerk if **DIRECTED** to close this case.

SO ORDERED this *17th* day of May 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA